IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ALLCARE HOSPICE, INC. )
f/n/a COMFORTING CARE HOSPICE, )
INC., )
 )
         Plaintiff, )
 )
         v. )   CIV-11-365-FHS
 )
KATHLEEN SEBELIUS, Secretary, )
UNITED STATES DEPARTMENT of )
HEALTH AND HUMAN SERVICES, )
 )
         Defendant. )

## ORDER AND OPINION

    Before the court for its consideration is the Defendant's Motion to Dismiss and Brief in Support. (Doc. 14). In the motion to dismiss, the defendant seeks dismissal of the Complaint arguing this court lacks jurisdiction. Defendant also argues even if the court were to find jurisdiction, many of the claims brought by plaintiff fail to state a claim for relief. Plaintiff responds by arguing the court has jurisdiction over this matter and it has adequately stated a claim for relief on all counts.

    Plaintiff is a provider of hospice services. It provided services to Medicare beneficiaries between 2003 and 2009. For each of these years, Allcare submitted cost reports to its fiscal intermediary, Palmetto GBA (Palmetto), who was charged with calculating the annual hospice cap. In return for each year, Palmetto sent Allcare a letter (a) reporting that Allcare had exceeded the statutory cap on total annual Medicare payments, and (b) demanding that Allcare begin repaying Palmetto for the

1

excess.[1] However, during the time-frame that Allcare was repaying their debt to Palmetto other providers were challenging their repayment determinations.  These providers attacked the validity of the method the Secretary used to calculate a provider's annual hospice cap. By March 2011, multiple courts including one in this district had rejected the Secretary's method of calculation set forth in 42 C.F.R. Sec. 418.309 (b)(1) as inconsistent with the Medicare statute.  <u>Zia Hospice, Inc. v. Sebelius</u>, 793 F. Supp. 2d 1289, 1296 (D.N.M. 2011).

On July 21, 2011, after becoming aware of these rulings, Allcare asked the Provider Reimbursement Board (Board) to review all six repayment demands it had received from Palmetto.  Allcare does not dispute this filing was made more than seven months after Palmetto's last demand letter to Allcare and years after Palmetto's earlier letters.  Conceding that it had missed the 180 day statutory deadline for appealing to the board, Allcare asked the Board for a "good cause" extension under 42 C.F.R. Sec. 405.1836 to seek a belated hearing.  Allcare also requested expedited judicial review.  Plaintiff hoped to argue in federal court that Palmetto's repayment demands had been computed using a regulation, 42 C.F.R. Sec. 418.309 (b)(1) that contradicted with the plain terms of 42 U.S.C. Sec. 1395f (i)(2)(A), a provision of the Medicare Act.

On August 19, 2011, the Board found it lacked jurisdiction over each of Allcare's six appeals because they were not timely

---

[1] These demands were for fiscal years ending October 31, 2004, October 31, 2005, October 31, 2006, October 31, 2007, October 31, 2008, and October 31, 2009. Palmetto issued its payment determinations on June 1, 2007, April 4, 2007, May 8, 2008, April 1, 2009, February 2, 2010, and December 7, 2010, respectively.

filed.  Applying 42 C.F.R. Sec. 405.1836 the Board denied
Allcare's request for a "good cause" extensions holding that (1)
good cause may be found only in extraordinary circumstances not
present here, and (2) a change in the law never constituted good
cause.  The Board also denied Allcare's request for expedited
judicial review, holding that Board jurisdiction over an appeal
was a prerequisite to such review.

    Plaintiff then filed this lawsuit and in Count One,
challenged the validity of 42 C.F.R. Sec. 418.309(b).  In Count
Two, Plaintiff contends such overstated repayment demands
constitute an unlawful taking in violation of the Fifth
Amendment. Count Three requests Declaratory relief and an
Injunction on Enforcement of an Unlawful regulation.  Count Four
asks this Court to exercise mandamus jurisdiction to compel
Palmetto to calculate new repayment demands using a correct
methodology.  Count Five also seeks review of the Board's
judgment denying Plaintiff's "good cause" extension under 42
C.F.R. Sec. 405.1836.  Finally, the plaintiff seeks to invalidate
the Secretary's regulation, specifically, 42 C.F.R. Sec. 405.1842
(b)(2) requesting the expedited judicial review provision of the
Medicare Act.

    Before the court can address the merits of plaintiff's
Complaint, it must first determine whether it has jurisdiction.
<u>Sabido Valdivia v. Gonzales</u>, 423 F.3d 1144, 1147 (10th Cir.
2005).  Defendant has sought to dismiss Counts One, Two, Three,
and Five of the Complaint for lack of jurisdiction.  Allcare's
Complaint cites four grounds for jurisdiction over these claims:
the Medicare statute specifically, 42 U.S.C. Sec. 1395oo(f)(1),
the federal question statute, 28 U.S.C. Sec. 1331, the APA, 5
U.S.C Sec. 702 and the <u>Kyrne</u> Doctrine, for actions agencies taken

3

that are considered *ultra vires*. The court will take each of these in turn to determine if this court has jurisdiction.

## I. Medicare Act

In Count Five of the Complaint, plaintiff asks this court to set aside as arbitrary and capricious the Board's denial of Allcare's requests for a good cause extension under 42 C.F.R. Sec. 405.1836. 42 C.F.R. Sec. 405.1836(e)(4) provides that "a finding by the Board....that the provider....did not demonstrate good cause for extending the time for requesting a board hearing is not subject to judicial review." The plain language of this statute prohibits review of the Board's decision to deny the extension.

The Medicare statute includes a provision that a provider of services "shall have the right to obtain judicial review of any final decision of the Board." 42 U.S.C. Sec. 1395oo(f)(1). However, the court finds this is not the type of final decision that is entitled to judicial review. The court finds the phrase "decision of the Board" is sufficiently ambiguous as to whether it includes the Board's denial of a good cause extension. As a result, the court must utilize the procedure found in <u>Cheveron USA, Inc. v. National Resource Defense Council</u>, 467 U.S. 837, 842-43 (1984) to determine if the Secretary has reasonably interpreted that ambiguous phrase to exclude the Board's denial of a good cause extension to the 180 day appeal deadline. The Secretary has interpreted the phrase "decision of the Board" to mean some, but not all decisions of the board. 42 C.F.R. Sec. 405.1877 (a)(3)(I) & (ii) specifies which decisions of the Board are subject to judicial review and when such decisions are final.

First, it should be noted the Medicare Act itself does not

4

provide for an extension to the 180 day time-frame but rather, the extension is a creation of the Secretary. Nothing in the language of 42 U.S.C. Sec. 1395oo requires the Board to entertain a provider's late request for a hearing. The Secretary determined that Board denials of such extensions do not qualify as the type of "final decision of the Board" subject to judicial review under 42 U.S.C. Sec. 1395oo(f). The court finds the Secretary has reasonably interpreted the phrase "final decision of the board."

    The reasonableness of this construction is confirmed by two Supreme Court cases. In <u>Your Home Visiting Nurse Services, Inc., v. Shala</u>, 525 U.S. 449 (1999), the court accorded deference to the Secretary's interpretation that a fiscal intermediary's decision not to reopen a payment determination is not subject to Board or judicial review. The court stated the Secretary's interpretation was "reasonable" <u>Id</u>. at 453. The court relied on the fact that "the right of a provider to seek reopening exists only by grace of the Secretary." <u>Id</u>. at 454. The extension to the 180 day time-limit in the case at bar was also only by the grace of the Secretary. In <u>Califano v. Sanders</u>, 430 U.S. 99 (1977), the Court had similarly held the Social Security Act does not authorize review of the Secretary's decision not to reopen a previously adjudicated claim of benefits, reasoning again that "the opportunity to reopen a benefit adjudication was afforded only by regulation and not by the Social Security Act itself." <u>Id</u>. at 108. These cases demonstrate that because of the Medicare Act's silence as to good cause extensions and the fact they are created by the grace of the Secretary, the Secretary may construe 42 U.S.C.A. Sec. 1395oo(f) not to grant providers judicial review of Board denials of such extensions.

Finally, under 42 U.S.C. Sec 1395oo(f)(1), review of Board decisions is governed exclusively by the standards in the APA. See 42 U.S.C. Sec. 1395oo(f)(1).  5 U.S.C.A. Sec. 701 (a)(2) of the APA precludes judicial review of agency action "committed to agency discretion by law."  5 U.S.C.A. Sec. 701 (a)(2). The Tenth Circuit Court of Appeals has defined this exception to apply "when a statute or regulation is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." <u>Colo. Envtl. Coal v. Wenker</u>, 353 F.3d 1221, 1228 (10th Cir. 2004).

That regulation states that a "request for a Board hearing....received after the applicable 180-day time limit...must be dismissed by the Board, except that the Board may extend the time limit upon a good cause showing by the provider." Sec. 405.1836(a).  The regulation then goes on to say that "the Board may find good cause to extend the time limit only if the provider....demonstrates...extraordinary circumstances beyond its control....and the....request for an extension be received..within a reasonable time." Sec. 405.1836 (b).

The regulation provides no meaningful standard for evaluating the reasonableness of the Board's denial of a good cause extension.  The Board's authority to grant an extension is drawn in strictly permissive terms: even if the provider satisfies both preconditions for an extension and demonstrates "good cause", the Board "may"-not must- grant an extension.  Sec. 405.1836 (a).  The Secretary's regulation provides no standard by which to guide, let alone constrain, the Board's ultimate decision whether to extend the filing deadline once good cause is shown. <u>Lenox Hill Hospital v. Shala</u>, 131 F. Supp. 2d 136, 142 (D.D.C. 2000)(holding that good cause extensions are committed to

agency discretion by law.). Thus, the court finds the decision of no good cause shown to extend the 180 deadline was solely within the agency's discretion and not subject to judicial review. As a result, the court grants the motion to dismiss as it relates to Count Five of Plaintiff's Complaint.

In Plaintiff's Complaint, Counts One, Two and Three all challenge the validity of 42 C.F.R. Sec. 418.309 (b)(1). This provision was used to calculate the amount of each overpayment/repayment demand. However, this statute standing alone is not enough to confer jurisdiction on this court. The statute does include a provision which allows providers "the right to obtain judicial review of any final decision of the Board." 42 U.S.C. Sec. 1395oo(f)(1). The only decision reached by the board was that there was insufficient evidence of good cause to justify the untimely filing of the requests. The Board never rendered a decision on the merits of the overpayment/repayment issue. Thus, since the Board never reached the merits of this challenge, this court agrees it does not have jurisdiction pursuant to 42 U.S.C. A. Sec. 1395oo(f)(1) to consider those arguments now. <u>High Country Home Health, Inc. v. Thompson</u>, 359 F.3d 1307, 1315 (10th Cir. 2004)("Given that the only final decision by the Board is a dismissal for untimeliness, we have no occasion to consider the merits of plaintiff's underlying complaints against the Intermediary").

## II. Federal Question Jurisdiction

Allcare also alleges this court has federal question jurisdiction over Counts One, Two, Three, and Five. However, the court finds that jurisdiction is not established under this

7

provision either. 42 U.S.C.A. Sec. 405 (h) provides: "no action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331...of title 28 to recover on any claim arising under this sub-chapter." 42 U.S.C.A. Sec. 405 (h) is incorporated into the Medicare Act by 42 U.S.C. Sec. 1395ii. It has been held that federal question jurisdiction is barred when "both the standing and the substantive basis for the presentation of the claims" is the Medicare Act. Heckler v. Ringer, 466 U.S. 602, 615 (1984).

In the case at bar, Count One, Two and Three challenges the Secretary's regulation to calculate a hospice provider's annual hospice cap. Count Five contests the Board's refusal to grant Allcare a "good cause" extension to request a belated hearing under Sec. 1395oo(a). In order to review these claims, the court would have to review and interpret the Medicare Act. Thus, the court finds since the Medicare Act provides the substantive basis of the claims, federal question jurisdiction is precluded. Heckler at 615.

Plaintiff has argued that Bowen v. Michigan Academy of Family Physicians, would provide federal question jurisdiction. Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 667-81 (1986). In Bowen, the court found that a federal court had jurisdiction under 28 U.S.C. Sec. 1331 to review a challenge to the validity of a Medicare regulation governing payments to physicians under Part B of the Medicare program. In a subsequent case, the United States Supreme Court attempted to clarify the ruling in the Bowen case by stating that Bowen only supports review outside of the Medicare statute "where application of Sec. 405(h) would not simply channel review through the agency, but would mean no review at all." Shala v. Illinois Council on

Long Term Care, 529 U.S. 1, 19 (2000). Plaintiff argues that Bowen provides an avenue for it to challenge the invalid regulation of the defendant without exhausting the administrative process.

The court finds the Bowen exception does not apply in the case at bar. Bowen only comes into play when there is absolutely no avenue for review. The Medicare Act provides a clear avenue for administrative and judicial review of the claims it now presses in this Court. 42 U.S.C. A. Sec. 1395oo. Allcare simply failed to take the designated avenue. Bowen does not extend to a situation as presented in the instant case, where the plaintiff has an avenue of review under the Medicare Statute but simply failed to take it.

### III. Mandamus Jurisdiction

Plaintiff has also alleged this court has mandamus jurisdiction in this case. In Count Four of the Complaint, plaintiff asserts this Court may compel the recalculation of Palmetto's repayment demands by the exercise of mandamus jurisdiction under 28 U.S.C. Sec. 1361. A plaintiff is entitled to mandamus relief only if he can establish "....he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Cordoba v. Massanari, 256 F.3d 1044, 1047 (10th Cir. 2001) and Heckler at 616. The claim for mandamus jurisdiction challenges Palmetto's repayment determinations. The facts clearly reveal Allcare could have challenged the repayment decisions, but it failed to do so within the allotted time-frame. Thus, plaintiff has failed to exhaust all other avenues. The court finds that Allcare's failure to file a timely challenge bars it from mandamus jurisdiction.

Hadley Memorial Hopsital, Inc. v. Schweiker, 689 F.2d 905, 912 (10th Cir. 1982).

## IV. Standing

In Count Six of Plaintiff's Complaint it is asserted that the Secretary's regulation specifying the time in which the Board must decide an expediated judicial review "EJR" request is contrary to the Medicare Act.

42 U.S.C.A. Sec. 1395oo(f)(1) provides a mechanism for the Board to grant EJR where it determines that is lacks the authority to decide the legal issue presented in the provider's appeal. The statute provides that "if a provider of services may obtain a hearing under Sec. 1395ooo(a)" and has made such a request, he "may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy." 42 U.S.C.A. Sec. 1395ooo(f)(1). The statute further states the "Board shall render such determination in writing within thirty days after the Board receives the request." 42 U.S.C.A. Sec. 1395oo(f)(1). Failure to meet this deadline, moreover, means "the provider may bring a civil action." 42 U.S.C.A. Sec. 1395oo(f)(1). To implement this statutory directive, the Secretary enacted 42 C.F.R. Sec. 405.1842. This provision was to clarify the thirty day period referenced in the statute. 42 C.F.R. Sec. 405.1842 provides the thirty day time-frame does not begin to run until after the Board determines that the requirements of 42 U.S.C.A. Sec. 1395oo(a) are satisfied such that the Board had jurisdiction over the appeal. 42 C.F.R. Sec 405.1842(b)(2).

Under Article III, federal courts have jurisdiction only to

decide cases and controversies. One essential and unchanging part of the case or controversy requirements is the concept that the plaintiff must have standing, which in turn, requires the presence of three elements. <u>Lujan v. Defendaers of Wildflife</u>, 504 U.S. 555, 560 (1992). A party has standing to pursue a claim in federal court only if: (1) it "suffered an injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) that injury is "fairly traceable to the challenged action of the defendant:" and (3) that injury is likely to be "redressed by a favorable decision." <u>Id</u>. at 560-561. The court finds the plaintiff has not suffered the required injury in fact.

42 U.S.C.A. Sec. 1395oo(f)(1) requires the Board to determine both its jurisdiction over the provider's appeal and its authority over the legal questions at issue within thirty days of a request for EJR. Allcare submitted its request for EJR on July 21, 2011. 29 days later on August 18, 2011, the Board issued its decision dismissing each of Allcare's requests for EJR. Therefore, even if the Secretary's regulation unlawfully allows the Board to take more than 30 days to resolve an EJR request, the Board did not do so in this case. Instead, the Board issued a decision within the 30 day time-frame that Allcare argues is required by statute. The court finds Allcare did not suffer a cognizable injury as a result of the regulations operation. As a result, plaintiff has no standing to challenge the validity of that regulation.

### V. Kyne Doctrine

Plaintiff in their Surreply to the Reply of the Defendant argues for the first time that it was not required to exhaust

11

administrative remedies because the actions of the defendant were *ultra vires*. Plaintiff argues that when the actions of agencies are *ultra vires* the judicial branch is able to step in and re-establish the limits on authority. Plaintiff argues that judicial review is available pursuant to American School of Magnetic Healing v. McAnnulty, 187 U.S. 94 (1902). Plaintiff also argues there is a strong presumption of judicial review of agency actions taken in excess of delegated authority. Leedon v. Kyne, 358 U.S. 184, 190 (1958). The Kyne doctrine allows parties to invoke federal question jurisdiction to seek judicial review of agency action that is *ultra vires*. The Kyne doctrine is of a "very limited scope" and should be "invoked only in exceptional circumstances". U.S. Department of the Interior v. Federal Labor Relations Authority, 1 F.3d 1059, 1061 (10th Cir. 1993). However, the court finds the Kyne exception inapplicable in this lawsuit.

First, in order to invoke the Kyne exception the party must show that denying judicial review would deprive them of no review at all. Basically, a plaintiff must show it had no other means within it's control of obtaining judicial review. Board of Governors of Federal Reserve System v. McCorp Financial Inc., 502 U.S. 32, 43 (1991). In the case at bar, plaintiff had an avenue for judicial review. As discussed in detail above, plaintiff had the option of appealing to the Board. They simply failed to timely pursue this option.

Second, the court agrees with the defendant the Kyne doctrine is not applicable because in Kyne the court was dealing with a violation of a clear and mandatory statutory prohibition found in the enabling act. In this lawsuit, the dispute centers around the defendant's interpretation of a provision of the Medicare Act. The plaintiff's are not alleging that defendant

12

violated a clear statutory provision.  The dispute here is over the defendant's statutory interpretation of a provision of the Medicare Act and its implementation of a regulation designed by defendant. The regulation determined how repayments/overpayments would be calculated.  A dispute over a statutory interpretation does not suffice as a basis for invoking the Kyne exception. Nebraska State Legislative Board v. Slater, 245 F.3d 656, 660 (8th Cir. 2001). (Under Kyne, review of an agency action allegedly in excess of authority must not simply involve a dispute over statutory interpretation.)

    Finally, the court finds the Kyne exception is not applicable here because of the express provision which clearly precludes federal question jurisdiction.  42 U.S.C.A. Sec. 405 (h) explicitly and clearly precludes federal question jurisdiction over "any claim arising under" the Medicare Act—which plainly includes Allcare's challenges to the hospice cap regulation.  42 U.S.C. Sec. 405 (h).  A factor in the Kyne decision was that fact that the Labor Relations Act, which was at issue in that case, did not explicitly exclude judicial review of the type of certification order at issue.  McCorp Financial, Inc. at 44.  However, courts have found that where the statutory scheme contains a clear and direct statement of Congress's preclusive intent the Kyne exception is not available.  Nyunt v. Chairman, Broad Board of Governors, 589 F. 3d 445, 449 (D.C. Cir. 2009)(holding the Kyne exception does not apply where the statutory preclusion of review is express.)

The court has reviewed all the arguments made by the plaintiff and finds it does not have jurisdiction over this matter. Therefore, the court grants the Defendant's Motion to Dismiss (Doc. #14).

IT IS SO ORDERED this 23rd day of October, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma